24-3176-cr
*United States v. Rivera-Agosto*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty-six.

PRESENT:
> SUSAN L. CARNEY,
> BETH ROBINSON,
> MYRNA PÉREZ,
>> *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

>*Appellee,*

>v.                                                                              No. 24-3176

EMMANUEL RIVERA-AGOSTO,  AKA Emmanuel Rivera-Augosto,

>*Defendant-Appellant.*[*]

———————————————————————————

————————————————

[*] The Clerk's office is respectfully directed to amend the caption as reflected above.

FOR APPELLEE:                          Thomas R. Sutcliffe, Katherine E. Kopita, Assistant United States Attorneys, *for* Todd Blanche, Deputy Attorney General, John A. Sarcone III, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

FOR DEFENDANT-APPELLANT:                Kevin A. Luibrand, Luibrand Law Firm PLLC, Latham, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on December 3, 2024, is **AFFIRMED**.

Emmanuel Rivera-Agosto appeals from a judgment of the United States District Court for the Northern District of New York sentencing him principally to thirty years' imprisonment following a bench trial. Rivera-Agosto was found guilty of one count of sexual exploitation of a child, two counts of possession of child pornography, one count of coercion and enticement, and one count of tampering with a witness. On appeal, he challenges the procedural reasonableness of his below-Guidelines sentence. We assume the parties'

2

familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

We review a district court's sentencing determination for procedural reasonableness under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).[1] District courts must consider several enumerated factors in determining a sentence. *See* 18 U.S.C. § 3553(a). Where, as here, a defendant does not object to the district court's asserted failure to consider a § 3553(a) factor, we review only for plain error. *United States v. Wagner-Dano*, 679 F.3d 83, 89 (2d Cir. 2012).

Rivera-Agosto argues only that the district court improperly failed to consider his lack of prior criminal history. We are not persuaded. In this Circuit, "in the absence of record evidence suggesting otherwise, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008). And the district court need not make "robotic incantations" to indicate that it has considered each relevant factor. *Cavera*, 550 F.3d at 193.

---

[1] In quotations from caselaw, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

Here, the district court stated that it considered the § 3553(a) factors and that it "considered the history and characteristics of" Rivera-Agosto. App'x at 215. The district court did not explicitly reference the fact that Rivera-Agosto had no prior convictions, but Rivera-Agosto had not highlighted that fact as worthy of particular consideration. The district court *did* respond directly to arguments raised by defense counsel in a pre-sentencing memorandum and at the sentencing hearing, and it explained that it "could justify sentencing Mr. Rivera-Agosto to a term of life imprisonment, but [it was] taking into account" hardship he faced as a child. *Id.* at 211.

On this record, we cannot conclude the district court committed any error, much less a plain error, in imposing sentence.

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4